UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DOUG SEELY,<br><br>        Plaintiff,<br><br>    v.<br><br>"JOHN DOE" A JESUIT PRIEST, et al.,<br><br>        Defendants. | No. CV-09-0062-FVS<br><br>ORDER |

**THIS MATTER** came before the Court on Defendants' motions to sever and remand (Ct. Rec. 12 & 44) and motion to sever (Ct. Rec. 24). Plaintiff is represented by William A. Gilbert. Defendant Oregon Province is represented by Renea I. Saade, Defendant Gonzaga University is represented by James B. King, Defendant Wisconsin Province is represented by William D. Hyslop and Laura J. Waldman, Defendant Maryland Province is represented by Raymond F. Clary and William F. Etter, and the remaining seven provinces, Chicago, New Orleans, California, New York, Missouri, New England, and Detroit, are represented by Gerald Kobluk and Gregory J. Arpin.

**BACKGROUND**

On December 24, 2008, Plaintiff filed the instant action against Defendants in the Spokane County Superior Court in the state of Washington. Plaintiff alleges that an unidentified Jesuit Priest, working at Gonzaga University in the capacity of priest and counselor, sexually molested him in Spokane, Washington, between 1970

ORDER - 1

1    and 1975. In addition to naming "John Doe," a Jesuit Priest, and
2    Gonzaga University as defendants in his Complaint, Plaintiff
3    specifically named the Oregon Province as a defendant. However, with
4    respect to the other nine Provinces, Plaintiff merely named a generic
5    "Home Province(s)" to refer to one or more of the Jesuit Provinces
6    from around the country.[1]

7    On March 4, 2009, Defendant Oregon Province filed and served a
8    Notice of Removal, removing the matter to this Court. (Ct. Rec. 1).
9    On March 6, 2009, Defendant Oregon Province filed a Notice of Filing
10   of Motion to Transfer Case to District of Oregon, indicating it had
11   filed a motion in federal district court in Oregon, asking that this
12   case, and all other pending sex abuse cases where the Oregon Province
13   is a named defendant, be transferred to Oregon federal court to
14   become part of the Oregon Province's pending bankruptcy. The motion
15   to transfer this action is noted for a hearing before Elizabeth L.
16   Perris, United States Bankruptcy Judge for the District of Oregon, on
17   April 30, 2009. (Ct. Rec. 66, Exh. B).

18   On March 13, 2009, Defendant Gonzaga University filed a motion
19   to sever the claims asserted by Plaintiff against it and remand the
20   matter to Spokane County Superior Court. (Ct. Rec. 12). Defendant
21   Maryland Province has indicated that it joins in Defendant Gonzaga
22   University's motion to sever and remand. In addition, on March 17,

---

[1] In the United States, the Society of Jesus (Jesuits) is organized into 10 geographic regions, called Provinces. The Provinces are as follows: California, Oregon, Maryland, New Orleans, Wisconsin, Chicago, Missouri, New York, Detroit and New England.

ORDER - 2

2009, Defendant Maryland Province submitted a separate motion to sever Plaintiff's claims against it and remand the matter to Spokane County Superior Court. (Ct. Rec. 44).

On March 16, 2009, Defendant Wisconsin Province filed a motion to sever Plaintiff's claims against it to allow for the litigation of those claims to go forward in this Court. (Ct. Rec. 24). On March 17, 2009, the remaining seven provinces filed a notice of joinder in Defendant Wisconsin Province's motion to sever. (Ct. Rec. 30).

The motions to sever and remand (Ct. Rec. 12 & 44) and motion to sever (Ct. Rec. 24) are now before the Court.

**DISCUSSION**

Defendant Gonzaga University and Defendant Maryland Province have moved this Court for an order severing the claims asserted by Plaintiff against them and remanding those claims to Spokane County Superior Court. (Ct. Rec. 12 & 44). Defendant Wisconsin Province filed a motion to sever Plaintiff's claims against it to allow for the litigation of those claims to go forward in this Court. (Ct. Rec. 24). The remaining seven defendant provinces join in Defendant Wisconsin Province's severance motion.

Defendant Gonzaga University contends that this Court lacks subject matter jurisdiction ("related to" jurisdiction) over Plaintiff's claims against Gonzaga University, and, notwithstanding the absence of subject matter jurisdiction, equitable considerations support remand of the claims against Defendant Gonzaga University to the Spokane County Superior Court. (Ct. Rec. 13). Defendant Maryland Province also asserts an absence of subject matter

ORDER - 3

jurisdiction but focuses its argument on the lack of unanimity for the removal. (Ct. Rec. 45). Defendant Wisconsin Province argues that the Court should order the severance of claims, pursuant to Fed. R. Civ. P. 21, in order to prevent prejudice and promote convenient and efficient administration of Plaintiff's claims. (Ct. Rec. 25).

On March 31, 2009, Defendant Oregon Province filed a timely response in opposition to the aforementioned motions. (Ct. Rec. 65). Defendant Oregon Province asserts that its codefendants, by attempting to have their severance motions decided prior to the pending motion to transfer, are attempting to deprive the District of Oregon Bankruptcy Court of the ability to assess for itself the importance of retaining jurisdiction over the claims. (Ct. Rec. 65 at 16). Defendant Oregon Province requests that this Court withhold from ruling or stay consideration of these motions pending the District of Oregon's decision on the pending motion to transfer. (Ct. Rec. 65 at 2). Defendant Oregon Province asserts that this will avoid the possibility of inconsistent rulings, further judicial economy and give due comity and deference to a sister court. *Id*. Defendant Oregon Province contends that the District of Oregon Bankruptcy Court is in the best position to decide what impact severing the claims would have on the Bankruptcy Proceeding.

Defendant Gonzaga University submitted a reply arguing that since the district court lacks subject matter jurisdiction, it has a duty to immediately remand the action. (Ct. Rec. 67). Defendant Gonzaga University contends that the administration of the bankruptcy should not be used to bootstrap subject matter jurisdiction over

ORDER - 4

Plaintiff's claims against Defendant Gonzaga University and the other non-debtor provinces.

Defendant Maryland Province also filed a reply memorandum. (Ct. Rec. 69). Defendant Maryland Province also argues that the Court should sever and remand the matter because subject matter jurisdiction is lacking. Defendant Maryland Province asserts that if it appears that the district court lacks subject matter jurisdiction at any time, the Court is "required" to remand the matter.

The seven defendant provinces additionally submitted a reply. (Ct. Rec. 68). These defendants assert that it is clear that Plaintiff's complaint applies to only one province and Plaintiff has not asserted joint conduct between the various provinces. The seven defendant provinces thus argue that, contrary to Defendant Oregon Province's position, the adjudication of whether one province is directly negligent has no bearing on whether other provinces breached their own duties.

Defendant Wisconsin Province also submitted a reply brief. (Ct. Rec. 70). Defendant Wisconsin Province contends that efficient administration of Plaintiff's claims favors the severance of all claims from those against Defendant Oregon Province, which are subject to transfer to the bankruptcy court. Defendant Wisconsin Province argues that severance of Plaintiff's claims against Defendant Oregon Province's codefendants would not have a significant impact on the bankruptcy action.

While it is possible that Defendants' jurisdiction and other severance arguments may have merit, the Court finds that these issues

ORDER - 5

should be entrusted to the sound discretion of the bankruptcy judge. In order to give due comity and deference to the Court in the District of Oregon, the undersigned defers ruling on Defendants' severance motions (Ct. Rec. 12, 24 & 44) as well as the pending motion to dismiss (Ct. Rec. 32), until such time that the pending motion to transfer has been addressed by the District of Oregon.

Accordingly, **IT IS HEREBY ORDERED as follows:**

1. The Court reserves ruling on all pending motions in this Court (Ct. Rec. 12, 24, 32 & 44) until after the pending motion to transfer has been addressed by the District of Oregon.

2. The May 12, 2009, hearing date on the pending motion to dismiss (Ct. Rec. 32) is **VACATED.**

3. The parties shall keep this Court apprised of the proceedings in the District of Oregon, and, based upon what transpires in the District of Oregon, Defendants may re-notice their motions, if necessary, or shall withdraw these motions.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this   13th   day of April, 2009.

> S/Fred Van Sickle
> Fred Van Sickle
> Senior United States District Judge

ORDER - 6